# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RICHARD SCOTT,**
**Claimant Below, Petitioner**

**vs.)    No. 15-1130**  (BOR Appeal No. 2050566)
(Claim No. 2015016710)

**EASTERN ASSOCIATED COAL, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Richard Scott, by Patrick Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Eastern Associated Coal, LLC, by Henry Bowen, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 28, 2015, in which the Board affirmed a June 2, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 15, 2015, decision rejecting Mr. Scott's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Scott alleges that he sustained multiple injuries on December 12, 2014, when he slipped while exiting a mine scoop. On the alleged date of injury, Mr. Scott completed a Report of Injury indicating that he injured the top of his thighs, his left forearm, and his right elbow when he slipped and became suspended across the door of a mine scoop. He listed Dennis Milam and Jason Osborne as witnesses to the alleged incident. The physician's portion of the application was completed in the emergency department of Boone County Memorial Hospital and lists Mr. Scott's injuries as strains and contusions to both forearms, both femurs, the right

1

elbow, and lower back. On January 15, 2015, the claims administrator rejected the claim based upon a finding that information received from Eastern Associated Coal, LLC, conflicts with Mr. Scott's statement regarding the alleged incident.

On March 9, 2015, Brandon Woodie, an underground production supervisor, authored an affidavit. Mr. Woodie stated that on December 12, 2014, Mr. Scott reported to him that he sustained an injury and needed to complete an accident report. He further stated that Mr. Scott reported that Mr. Milam and Mr. Osborne were witnesses to the alleged incident. However, Mr. Woodie stated that both Mr. Milam and Mr. Osborne indicated that they did not see Mr. Scott sustain an injury, nor did Mr. Scott report to either of them that he was injured.

Timothy Brown, an underground safety manager, also authored an affidavit on March 9, 2015. Mr. Brown stated that he met Mr. Scott in the emergency department following his transport to Boone County Memorial Hospital. He further stated that an emergency medical technician indicated that Mr. Scott reported injuring his upper leg after "bumping into" a mine scoop. However, Mr. Brown stated that Mr. Scott reported to him that he injured his elbow and both legs when he fell head first out of a mine scoop and became suspended on the door of the scoop.

Additionally, David Blankenship, an underground safety specialist, authored an affidavit on March 9, 2015. Mr. Blankenship stated that he spoke with Mr. Milam regarding Mr. Scott's alleged injury. He further stated that Mr. Milam indicated that Mr. Scott did not mention the alleged injury to him and that Mr. Scott continued to perform his normal duties in the interval following the alleged incident. Mr. Blankenship also stated that Mr. Milam and Mr. Osborne did not witness the alleged incident.

On April 14, 2015, Mr. Scott was deposed. He testified that he sustained multiple injuries on December 12, 2014, when he slipped while exiting a mine scoop, was struck on both legs by the door of the scoop, and then became suspended on the scoop door. Mr. Scott further testified that he reported to Mr. Milam and Mr. Osborne that he sustained an injury and requested their assistance in completing his assigned duties. Finally, he testified that he reported the alleged incident to Mr. Woodie and that in doing so, he showed Mr. Woodie visible bruises on his thighs.

In its Order affirming the January 15, 2015, claims administrator's decision, the Office of Judges held that Mr. Scott did not sustain a compensable injury in the course of and resulting from his employment. The Board of Review affirmed the conclusions of the Office of Judges in its decision dated October 28, 2015. On appeal, Mr. Scott asserts that the evidence of record demonstrates that he sustained an injury in the course of and resulting from his employment.

The Office of Judges found that a preponderance of the evidence does not support a finding that Mr. Scott sustained a work-related injury. Specifically, the Office of Judges found that Mr. Milam and Mr. Osborne, who are both alleged witnesses to the incident, do not recall seeing Mr. Scott sustain an injury and also contradict Mr. Scott's testimony that they assisted him in performing his work duties following the alleged incident. Further, the Office of Judges

2

found that Mr. Scott's description of the alleged injury varies throughout the evidentiary record. Finally, the Office of Judges concluded that Mr. Scott's description of the alleged incident is not consistent with the remaining evidence of record. We agree with the conclusions of the Office of Judges, as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 26, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II